IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK CLAY JOHNSON, | ) | |
| ID # 1191773, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:07-CV-0480-L (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated robbery in Cause No. F03-00647-HL. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On August 20, 2003, petitioner was convicted of aggravated robbery, and he received a sixty-year sentence. On March 17, 2005, the court of appeals affirmed his conviction. On August 1, 2005, the Texas Court of Criminal Appeals refused his petition for discretionary review. On August 3, 2006, petitioner filed a state petition seeking habeas relief, which the Texas Court of Criminal Appeals denied on December 6, 2006.

On March 14, 2007, the Court received a document titled "Extension of Time to File § 2254" executed by petitioner on March 12, 2007. On March 20, 2007, the Court received the instant federal petition that petitioner had placed in the prison mailing system on March 14, 2007.[1] Petitioner claims that he is being held unlawfully due to various alleged errors of the trial court at trial or punishment (Grounds 1-6); ineffective assistance of trial and appellate counsel (Grounds 7 and 8); factual and legal insufficiency of the evidence (Grounds 9 and 11); erroneous deadly weapon finding (Ground 10); and defective jury charge (Ground 12).

On May 30, 2007, the Court received a document titled "Notice of Appeal Rule 26.1", which despite its title, seeks to appeal no ruling in this case. The document consists of eleven rambling pages alluding to actual innocence, qualified immunity, and an inability to pay for state court trial transcripts. To the extent the document relates to the petition filed in this action, the Court will consider it as a memorandum in support of the petition.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

---

[1] Pursuant to the prison mailbox rule, petitioner thus filed the instant action on March 14, 2007.

2

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Subparagraph (A) generally provides "the operative date from which the limitation period is measured", but "later filings are permitted" when the other subparagraphs apply. *Cf. Dodd v. United States*, 545 U.S. 353, 357 (2005) (addressing the commencement of a similar limitations period related to 28 U.S.C. § 2255). In this instance, petitioner does not base his petition on any new constitutional right under subparagraph (C). In addition, subparagraph (D) provides no later commencement date because petitioner would have known the factual basis for all of his claims prior to his judgment of conviction becoming final. Although petitioner does not specifically rely on subparagraph (B) for finding the instant petition timely, he does indicate in his request for an extension of time to file his federal petition that his prison facility was on lock-down status between February 5, 2007, and March 5, 2007. The Court thus considers whether an impediment within the meaning of § 2244(d)(1)(B) delays the commencement of the limitations period in this case.

For an alleged impediment to delay commencement of the limitations period, it must be "created by State action in violation of the Constitution or laws of the United States" and must prevent the applicant from filing his federal petition. *See* 28 U.S.C. § 2244(d)(1)(B). For a lock-down situation to constitute such an impediment, the petitioner must show that the lockdown prevented

3

the filing of his federal petition thus causing an actual injury to the petitioner, and even if "the lockdown caused an actual injury, [the petitioner] has the burden of showing that the lockdown was not reasonably related to legitimate penological interests, in order for the lockdown to be considered an unconstitutional impediment." *Cf. Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (addressing issue in context of § 2255) (citations and internal quotation marks omitted). In this case, petitioner does not explain why the time-period prior to the lockdown was inadequate to complete and file his federal habeas petition. He has also not shown that the month-long lockdown was not reasonably related to a legitimate penological interest. Such failures are independently sufficient to find no unconstitutional impediment. *See id.* Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date petitioner's conviction became final within the meaning of subparagraph (A).

In this instance, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on August 1, 2005; and petitioner filed no petition for writ of certiorari. In such cases, the state judgment of conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P.

4

4.1(a). Because the thirtieth day in this case fell on a Sunday, petitioner's state judgment of conviction became final on Monday, October 31, 2005.

Because petitioner filed the instant federal petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders the filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which he had a relevant state habeas application pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on August 3, 2006, he had used 276 days of the year he had to file his federal petition. Nevertheless, the filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on December 6, 2006. The AEDPA clock began to run again on December 7, 2006, and the 89 days remaining in petitioner's one-year time period for filing a federal petition expired on March 5, 2007. Petitioner did not file the instant petition until March 14, 2007.[2] Accordingly, the statutory tolling provision does not save the instant federal petition.

---

[2] Petitioner's filing of the request for extension of time to file the instant petition does not stop the limitations clock. In any event, petitioner did not file such request until March 12, 2007, after his limitations period had already expired.

Petitioner presents nothing which indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Although in his most recent filing with this Court petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

Petitioner, furthermore, has not shown that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. He simply argues that "he is actually innocent by Preponderance of Evidence" because "the State Failed to Submit the Affirmative Finding of a Weapon." A claim of insufficient evidence differs materially from a claim of actual innocence.

Petitioner also indicates that his prison facility was on lock-down status between February 5 and March 5, 2007. However, a lock-down situation does not warrant equitable tolling when the petitioner proffers no explanation for why he could not have prepared and filed the federal petition prior to or during the lockdown. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000); *Fultz v. United States*, No. 2:05-CV-175-MHT, 2006 WL 3832850, at *3-4 (M.D. Ala. Dec. 28, 2006). Petitioner here took approximately nine months to file his state application for writ of habeas

6

corpus. After it was denied on December 6, 2006, he used another 98 days before filing his federal petition – only a month of which can be attributed to the lock-down situation. He provides no explanation for why he could not have prepared and filed his federal petition prior to his prison facility going to lock-down status. He does not allege that the prison restricted the sending of mail to the federal courts during the lock-down period.

For all of these reasons, the Court finds no "extraordinary circumstances" that warrant equitable tolling. The instant action thus falls outside the statutory period and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 4th day of June, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE